# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00032-CR

**Sylvia Emiabata, Appellant**

**v.**

**State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CR-18-100049, HONORABLE ERIC M. SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sylvia Emiabata seeks to appeal an order from the county court at law signed on October 30, 2018, which dismissed her appeal of a judgment of conviction from the Lakeway Municipal Court.[1] The thirty-day deadline for filing her notice of appeal to this Court was November 29, 2018. *See* Tex. R. App. P. 26.2(a)(1). However, Emiabata did not file her notice of appeal to this Court until January 14, 2019, and she did not seek an extension of time to file it. *See id*. R. 26.3.

Under the circumstances, we lack jurisdiction to dispose of this purported appeal in any manner other than by dismissing it for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996) (concluding that when belated notice of appeal is filed without

---

[1] Because Emiabata challenged her judgment of conviction from a municipal court of record, her appeal was initially to the county court at law. *See Hassan v. State*, 369 S.W.3d 872, 874 (Tex. Crim. App. 2012); *see also* Tex. Gov't Code §§ 30.00014(a), 30.00027(a); *Pisz v. State*, No. 03-10-00721-CR, 2011 Tex. App. LEXIS 4044, at *1 (Tex. App.—Austin May 25, 2011, no pet.) (mem. op., not designated for publication).

timely motion for extension of time, appellate court must dismiss purported appeal for lack of jurisdiction); *see also Garza v. State*, Nos. 14-06-00595-CR & 14-06-00596-CR, 2006 Tex. App. LEXIS 6581, at *2 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op., not designated for publication) (concluding that court of appeals lacked jurisdiction to consider merits of appeals from county court at law for cases tried in municipal court because notices of appeal were untimely filed in court of appeals).

We note that Emiabata filed a motion to vacate the order dismissing her appeal for want of jurisdiction. Even if we were to consider that filing as a motion for new trial, her appeal here would still be untimely. In criminal cases, a motion for new trial does not extend the time for filing a notice of appeal from an order that does not impose or suspend a sentence. *See* Tex. R. App. P. 26.2(a)(2); *Zriny v. State*, No. 05-02-01720-CR, 2003 Tex. App. LEXIS 8593, at *2–3 (Tex. App.—Dallas Oct. 7, 2003, no pet.) (mem. op., not designated for publication) (concluding that order dismissing appeal of judgment of conviction from municipal court did not impose or suspend sentence and that defendant's motion for new trial filed in response to dismissal order did not extend time for filing notice of appeal).

The appeal is dismissed for want of jurisdiction.

_____
Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: February 8, 2019

Do Not Publish